The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER ZANDERS, KAYE HORINEK, and ROBERT NICHOLS on behalf of themselves and all others similarly situated,<br><br>                                     Plaintiffs,<br>   v.<br><br>AMAZON.COM, INC.,<br>                                     Defendant. | No. C11-00494-RSL<br><br>MOTION TO VACATE INITIAL SCHEDULING DATES AND STAY DISCOVERY<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 29, 2011** |

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiffs sued Amazon.com, Inc. ("Amazon") in this putative class action alleging federal and state causes of action. Plaintiffs' complaint sketches novel theories of liability, based on alleged user experiences at the amazon.com website, and relies on attenuated theories of injury, such as a reduction in "scarcity of Plaintiffs' and Class members' valuable information." *E.g.,* First Am. Compl. ¶ 41 (Dkt. # 14). Plaintiffs' claims are legally deficient, and Amazon intends to file a Rule 12(b) motion to dismiss all of Plaintiffs' claims on or before the stipulated response date of May 13, 2011.

The Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement ("Initial Scheduling Order") sets several discovery-related deadlines that will occur before this Court has had the opportunity to review and rule on Amazon's motion to dismiss. The parties disagree whether taking discovery before and during the pendency of Amazon's

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 1
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

motion to dismiss is appropriate.

This Motion seeks relief from early discovery deadlines so that the parties can avoid incurring unnecessary discovery expenses. If all or even some of the claims are dismissed, the need for discovery and related deadlines may be mooted or narrowed. By granting this Motion, the Court will spare both parties from having to unnecessarily, or at the very least prematurely, incur discovery related expenses.

The Federal Rules of Civil Procedure and Ninth Circuit precedent recognize the broad discretion that this Court has to stay discovery. There is ample authority in this Circuit for staying discovery when a potentially dispositive motion is pending, provided that discovery is not needed to respond to that motion. Amazon's challenge to Plaintiffs' pleadings could dispose of the entire case, and no discovery will be needed for Plaintiffs to respond to that motion.

For the reasons set forth herein, Amazon requests that this Court vacate the deadlines set forth in its Initial Scheduling Order, including the deadline for the parties Rule 26(f) conference, and that it reset those deadlines after it has had the opportunity to consider Amazon's motion to dismiss. For the sake of clarity, while discovery is ordinarily not permitted until after a Rule 26(f) conference, Amazon seeks a stay of discovery until the Court considers its motion to dismiss.

## II.   FACTUAL BACKGROUND

Plaintiffs filed their original Complaint on March 21, 2011, (Dkt. # 1), and amended their complaint on April 15, 2011. (Dkt. # 14). The case was reassigned to Judge Lasnik on April 7, 2011, given the related matter *Del Vecchio v. Amazon.com* matter, No. C11-00366, pending before Judge Lasnik. (Dkt. # 13). The parties filed a stipulated motion to extend until May 13, 2011, the date by which Amazon must respond to the complaint. (Dkt. # 15). Amazon intends to file a motion to dismiss all of Plaintiffs' claims. *See* Declaration of Daniel

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 2
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Royalty in Support of Motion to Vacate Initial Scheduling Dates and Stay Discovery ("Royalty Decl.") ¶ 2.

Before this matter was reassigned to Judge Lasnik, Magistrate Judge Theiler entered an Initial Scheduling Order on April 5, 2011. (Dkt. # 12). The Initial Scheduling Order sets: May 3, 2011 as the deadline for the Rule 26(f) conference; May 10, 2011 as the deadline for initial disclosures; and May 17, 2011 as the deadline for the combined joint status report and discovery plan required by Rule 26(f) and Local CR 16.

Amazon's counsel has conferred with Plaintiffs' counsel in an attempt to obtain Plaintiffs' consent to stay discovery and jointly move for an extension the deadlines in the Initial Scheduling Order. Royalty Decl. ¶ 3. The parties could not reach agreement. *Id.*

### III.   ARGUMENT AND AUTHORITY

**A.   The Court Should Exercise Its Discretion to Postpone Rule 26 Deadlines and Discovery until It Considers a Potentially Dispositive Motion to Dismiss.**

1.   <u>The Court has broad discretion to stay discovery.</u>

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court also "has broad discretion to stay discovery in a case while a dispositive motion is pending." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir.1977)); *see also Caudle v. Steel,* No. CV-06-188-E-BLW, 2007 WL 2251408, *1 (D. Idaho Aug. 02, 2007). The broad discretion provided by Federal Rule of Civil Procedure 26 empowers the Court to extend the deadlines in its Initial Scheduling Order, thereby staying discovery.

Rule 26 expressly permits the Court to change the deadlines that it has set in its Initial Scheduling Order. Rule 26 permits the Court to alter the timing of a Rule 26(f) discovery conference, and of the exchange of initial disclosures. Fed. R. Civ. P. 26(f)(1) (parties to confer as soon as practicable except "when the court orders otherwise. . ."); 26(a)(1)(C)

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 3
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(relating to timing of initial disclosures, "unless a different time is set by stipulation or court order. . . .").

Other provisions of Rule 26 give the Court authority to temporarily stay discovery, such as when a dispositive motion is pending. For example, the Court must "limit the frequency or extent of discovery" if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The rule also permits the Court, for good cause, to temporarily stay discovery in order to protect against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

2.     <u>Stays should be granted when dispositive motions are pending.</u>

Amazon's motion to dismiss will challenge the sufficiency of each and every one of Plaintiffs' claims. Royalty Decl. ¶ 2. It will have the potential to be dispositive of this entire action.

When a potentially dispositive motion to dismiss is pending, it is appropriate to stay discovery until the motion to dismiss is decided. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Malone v. Nuber*, No. C07-2046RSL, 2009 WL 36858 *2 (W.D. Wash. Jan. 5, 2009) (Lasnik, J.) (upholding stay of discovery pending resolution of motion to dismiss). Indeed, as the Ninth Circuit held in *Rutman Wine Co.*, "[t]he purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.*, 829 F.2d at 738 (upholding district court's Rule 12(b)(6) dismissal of action before permitting discovery).

In *Malone*, discovery was initially stayed pursuant to the Private Securities Litigation Reform Act ("PSLRA"), but this Court ruled that a stay of discovery was appropriate even after all of the PSLRA claims were dismissed, as there were still pending motions to dismiss.

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 4
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*See* Royalty Decl. Ex. A (*Malone v. Nuber* - Order Denying Motion for Relief from Discovery Stay, at 1). The pending motions to dismiss had the potential to entirely resolve the case, which would render discovery moot. *Id.* (Order at 2). Even if the motions to dismiss did not fully resolve the case, they had the potential to narrow the issues in dispute, and thus narrow the appropriate scope of discovery. *Id.* Accordingly, this Court reasoned that a "brief delay in conducting discovery is preferable to exposing the parties to the unnecessary burden and expense of discovery." *Id*.

As in cases like *Rutman Wine Co.* or *Malone*, Amazon's motion to dismiss could fully resolve or significantly narrow this dispute. If the dispute is narrowed, such as through the dismissal of some of the claims, the scope of appropriate discovery will likely be narrowed as well. The parties will be better equipped to make Initial Disclosures, have a Rule 26(f) discovery conference, create a Rule 26(f) report, and appropriately conduct discovery after the motion to dismiss has been resolved.

    3.    <u>A stay is appropriate as Amazon's motion to dismiss will not raise factual issues.</u>

The Ninth Circuit has held that "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (finding no abuse of discretion in staying discovery pending resolution of 12(b) motion, as the 12(b) motion did not raise any facts beyond those alleged in the complaint). In *Jarvis*, the court rejected a challenge to the district court's stay of discovery while a motion to dismiss was pending. 833 F.2d at 155. Relatedly, in *Little v. City of Seattle*, hearing a challenge to a district court's grant of a stay of discovery while a summary judgment motion on the basis of qualified immunity was pending, the Ninth Circuit held that since discovery would not have affected the determination of the motion, the "stay furthers the goal of efficiency for the court and litigants." 863 F.2d 681, 685 (9th Cir. 1988).

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 5
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Amazon intends to bring a motion to dismiss pursuant to Rule 12(b), and it will not rely upon facts outside of those alleged in the complaint. As the Ninth Circuit in *Jarvis* and *Little* recognized, allowing discovery to proceed during the resolution of the soon to be filed motion to dismiss would be inefficient. For this reason, the deadlines in the Initial Scheduling Order should be postponed, and discovery should be stayed until the Court can consider Amazon's motion to dismiss.

**B.     Granting a Postponement and Stay Will Promote Efficiency**.

   1.     <u>Deficient claims in complex cases should be reviewed before discovery.</u>

In *Bell Atlantic Corp. v. Twombly* the Supreme Court stresses the importance of not letting complex class action cases proceed to discovery if they will not survive a motion to dismiss. 550 U.S. 544, 557-60 (2007). In *Twombly* the Court restated that one purpose of requiring sufficient pleadings are to protect against a plaintiff with "a largely groundless claim" from forcing a defendant to expend time and resources in a manner that brings about an "*in terrorem*" settlement. *Id.* at 558. Rather, as the Court held, the goal is to expose the deficiency of the claim "at the point of minimum expenditure of time and money by the parties and the court." *Id.* The Court rejected the notion that "careful case management" can weed out meritless claims early in the discovery process, as "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases. . . ." *Id.* at 559. The *Twombly* court found that requiring sufficient pleadings is the best way "to avoid the potentially enormous expense of discovery" in an unsupportable case. *Id.* Though *Twombly* considered an antitrust class action dispute, its rationale is equally applicable in this class action dispute.

At least one circuit has gone so far as to hold that it is an abuse of discretion to permit discovery – through the granting of a motion to compel discovery – prior to ruling on a motion to dismiss that would have narrowed the scope of discovery by removing legally

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 6
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

insufficient claims. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). The Eleventh Circuit's rationale, which mirrors *Twombly's*, is compelling:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.*

As in *Twombly*, this case is a complex class action that threatens significant discovery costs for the parties, and in particular Amazon. The complaint defines the class of plaintiffs broadly to be "[e]ach and every United States resident who has visited Defendant's website during the period in which Defendant has been engaging in the conduct complained of." First Am. Compl. ¶ 45. Plaintiffs allege multiple causes of action, including federal and state statutory claims, and state common law claims. *Id.* ¶¶ 50-74. Plaintiffs demand six categories of relief. *Id.* at 14-15. The size of the class, variety of claims, and numerous types of relief sought, signal that discovery likely will be a burdensome and expensive process. Because the motion to dismiss that Amazon will soon file has the potential to result in the dismissal of each and every claim, discovery should be stayed until the motion is considered.

2.     <u>Plaintiffs will not be prejudiced by a brief delay.</u>

The delay in discovery necessary for the Court to consider the potentially dispositive motion to dismiss will not prejudice Plaintiffs. As in any Rule 12(b) motion, all of the factual allegations contained in the complaint will be construed in the light most favorable to the Plaintiffs. The motion to dismiss will only test the legal adequacy of Plaintiffs' claims. A discovery cut-off date has not been set, nor has a trial date. Accordingly, Plaintiffs face no

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 7
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

potential prejudice in a mutual stay of discovery. *Cf. Fordjour v. Comm'r of I.R.S.*, No. CV981977PHXROSJI, 2002 WL 1354951 (D. Ariz. April 23, 2002) (mere desire for discovery in absence of specifics about how it is necessary to respond to dispositive motion does not amount to prejudice necessary to prevent stay of discovery while dispositive motion is pending); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (discovery would not have affected the result of the determination of the dispositive motion).

## IV.   CONCLUSION

Meritorious class action lawsuits require extensive, time-consuming, and costly discovery to properly prosecute and defend. Meritless class action lawsuits have the potential to force unjustified *in terrorem* settlements when discovery is used to quickly drive up defense expenses. Amazon's forthcoming motion to dismiss will test whether Plaintiffs' claims are legally sufficient, and Plaintiffs will suffer no prejudice in a brief postponement of discovery related deadlines until this Court has had the opportunity to consider that motion. For the reasons set forth above, Amazon requests that this Court grant this Motion, and vacate the deadlines in its Initial Scheduling Order until the Court has had the opportunity to consider Amazon's motion to dismiss.

Respectfully submitted this 21st day of April, 2011.

/s/ Daniel H. Royalty
David A. Bateman, WSBA #14262
Daniel H. Royalty, WSBA #31504
Samuel R. Castic, WSBA #39301
K&L GATES LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 370-6013
dan.royalty@klgates.com
Attorneys for Defendant Amazon.com, Inc.

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 8
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Daniel H. Royalty
Daniel H. Royalty, WSBA #31504
K&L GATES LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 370-6013
dan.royalty@klgates.com
Attorneys for Defendant Amazon.com, Inc.

MOTION TO VACATE INITIAL
SCHEDULING DATES AND STAY
DISCOVERY - 9
No. C11-00494 RSL
K:\2040741\00273\20361_DHR\20361P22LJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022