UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

Plaintiffs,

v.

CLARK NUBER, P.S., *et al.*,

Defendants.

Case No. C07-2046RSL

ORDER DENYING MOTION FOR
RELIEF FROM DISCOVERY STAY

This matter comes before the Court on plaintiffs' motion to lift the discovery stay and to extend the discovery deadline, which is currently February 1, 2009. Plaintiffs note that discovery has been stayed in this case pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), but the Court dismissed their PSLRA claims on June 23, 2008 (Dkt. #118, "the Order"). The Order dismissed all of plaintiffs' federal claims, some of their state law claims, and ordered them to replead other claims or they would be dismissed.

Now that the Court has dismissed plaintiffs' PSLRA claims, that statute does not serve as a basis for continuing the stay. Nevertheless, the Court has the inherent authority to stay discovery. There is good cause to do so in this case because the defendants have filed motions to dismiss plaintiffs' remaining claims. Plaintiffs do not contend that they need to take discovery to respond to those pending motions. Moreover, the motions are noted for November

ORDER DENYING MOTION FOR
RELIEF FROM DISCOVERY STAY - 1

1  21, 2008, so the delay is not likely to be protracted.

2  Plaintiffs argue that they should at least be entitled to conduct discovery as to the claims
3  that the Court did not dismiss and did not order plaintiffs to replead.  However, conducting
4  discovery in a piecemeal fashion would be inefficient and perhaps ineffective.  Furthermore, two
5  of the four remaining defendant groups, the MNS defendants and Enterprise, have filed motions
6  to dismiss for lack of personal jurisdiction.  The Court will not require them to respond to
7  discovery while those motions are pending.  Plaintiffs have not argued that they will suffer any
8  prejudice if the discovery stay is not lifted now.  If the motions to dismiss are successful, there
9  will be no need to conduct discovery.  A brief delay in conducting discovery is preferable to
10 exposing the parties to the unnecessary burden and expense of discovery, particularly in light of
11 the fact that plaintiffs have filed numerous claims and plaintiffs counsel have exhibited problems
12 with adequately pleading claims in this case and in another recent case in this district.  See
13 Swartz v. KPMG, LLP, C03-1252MJP (W.D. Wash. February 3, 2004) (granting motion to stay
14 discovery pending resolution of motions to dismiss).  If the motions are denied, the parties may
15 commence discovery immediately.  Even if the motions are not granted in full, the Court's
16 rulings on the motions may narrow the issues and the appropriate scope of discovery.  In
17 addition, continuing the stay may further judicial economy by avoiding premature discovery
18 disputes.

19 Accordingly, the Court DENIES plaintiffs' motion to lift the stay (Dkt. #162).  Plaintiffs
20 have also requested an extension of the discovery deadline.  The Court is willing to grant an
21 extension.  However, plaintiffs have not proposed a new deadline, and they have indicated that
22 the parties may be amenable to reaching an agreement about that issue.  For these reasons, the
23 Court will not set a new deadline now, particularly while the motions to dismiss are pending.
24 After the Court rules on the pending motions to dismiss, the parties should file a stipulation and

28 ORDER DENYING MOTION FOR
   RELIEF FROM DISCOVERY STAY - 2

1  proposed order to alter the discovery deadline.

2

3      DATED this 5th day of November, 2008.

4

5                                    /s/ Robert S. Lasnik
                                     _____
6                                    Robert S. Lasnik
                                     United States District Judge
7

ORDER DENYING MOTION FOR
RELIEF FROM DISCOVERY STAY - 3