1
2                                                                    Honorable Robert S. Lasnik
3
4
5
6
7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9
TYLER ZANDERS, KAYE HORINEK, and
10   ROBERT NICHOLS on behalf of themselves          No. C11-00494-RSL
     and all others similarly situated,
11                                                   AMAZON.COM, INC.'S MOTION TO
                                  Plaintiffs,        DISMISS PURSUANT TO RULE
12                                                   12(b)(6) AND RULE 12(b)(1)
          v.
13                                                   Note on Motion Calendar: July 15, 2011
     AMAZON.COM, INC.,
14                                                   Oral Argument Requested
                                  Defendant.
15
16
17
18
19
20
21
22
23
24
25
26

AMAZON'S MOTION TO DISMISS                 i          K&L GATES LLP
Case No. C11-00494-RSL                                925 FOURTH AVENUE
                                                      SUITE 2900
                                                      SEATTLE, WASHINGTON  98104-1158
                                                      TELEPHONE: (206) 623-7580
                                                      FACSIMILE: (206) 623-7022

# TABLE OF CONTENTS

Page

I.     INTRODUCTION AND RELIEF REQUESTED ........................................................ 1

II.    SUMMARY OF ALLEGATIONS ................................................................................ 1

    A.    The Parties ........................................................................................................ 1

    B.    Amazon's Alleged Wrongs ................................................................................ 2

        1.    Amazon's Alleged Misuse of P3P .......................................................... 2

        2.    Amazon's Alleged Misuse of Adobe Flash LSOs ................................... 2

    C.    Alleged Harm to Users ...................................................................................... 3

III.    ARGUMENT ........................................................................................................... 3

    A.    Plaintiffs' Unsupported Conclusions and Formulaic Recitations Should Be Disregarded ................................................................................................. 3

    B.    The Complaint Should Be Dismissed for Failure to Allege Injury-in-Fact ................................................................................................................... 4

    C.    Plaintiffs' Complaint Should Be Dismissed with Prejudice for Failure to State a Claim ................................................................................................. 5

        1.    Plaintiffs Do Not Plausibly Allege a CFAA Claim ................................ 5

            a.    Plaintiffs Do Not Allege $5,000 in "Loss." ................................ 6

            b.    Documents Central to the Complaint Establish that Users Authorized Amazon to Place Cookies on Their Computers ................................................................................... 9

        2.    Plaintiffs Do Not Allege a Plausible Claim for Trespass to Chattels ................................................................................................. 13

            a.    Plaintiffs Allege No Harm Related to Chattels ........................ 13

            b.    Plaintiffs Do Not Allege Lack of Consent .............................. 15

        3.    Plaintiffs' CPA Claim Should Be Dismissed ....................................... 15

            a.    Plaintiffs Do Not Have Standing to Assert a Washington CPA Claim .............................................................................. 16

            b.    Plaintiffs Do Not Plausibly Allege an Unfair or Deceptive Act or Practice ...................................................... 16

            c.    Plaintiffs Do Not Plausibly Allege a Cognizable Injury to Business or Property .................................................... 17

        4.    Plaintiffs Do Allege a Plausible Claim for Unjust Enrichment ............ 18

IV.    CONCLUSION ..................................................................................................... 20

AMAZON'S MOTION TO DISMISS
Case No. C11-00494-RSL

ii

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

**TABLE OF AUTHORITIES**

2

Page

3

**FEDERAL CASES**

4

*Ashcroft v. Iqbal*,
   ___ U.S. ___, 129 S. Ct. 1937 (2009) ............................................................... 3, 4

5

*AtPac, Inc. v. Aptitude Solutions, Inc.*,
   730 F. Supp. 2d 1174 (E.D. Cal. 2010) ................................................................ 8

6

*Carnival Cruise Lines v. Shute*,
   499 U.S. 585 (1991) .......................................................................................... 11

7

*Chance v. Avenue A, Inc.*,
   165 F. Supp. 2d 1153 (W.D. Wash. 2001) ....................................................... 14

8

*Colony Cove Properties, LLC v. City of Carson*,
   ___ F.3d ___, 2011 WL 1108226 (9th Cir. Mar. 28, 2011) .............................. 12

9

*Daniels-Hall v. Nat'l Educ. Ass'n.*,
   629 F.3d 992 (9th Cir. 2010) .............................................................................. 9

10

*DocMagic, Inc. v. Ellie Mae, Inc.*,
   745 F. Supp. 2d 1119 (N.D. Cal. 2010) .............................................................. 7

11

*Doyle v. Taylor*,
   2010 WL 2163521 (E.D. Wash. May 24, 2010) ................................................. 7

12

*EF Cultural Travel BV v. Zefer Corp.*,
   318 F.3d 58 (1st Cir. 2003) ............................................................................... 10

13

*Elektra Entm't Group, Inc. v. Santangelo*,
   2008 WL 4452393 (S.D.N.Y. Oct. 1, 2008) .................................................... 15

14

*Fadaie v. Alaska Airlines*, Inc.,
   293 F. Supp. 2d 1210 (W.D. Wash. 2003) ......................................................... 9

15

*Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*,
   2010 WL 4339368 (D. Nev. Oct. 15, 2010) ....................................................... 8

16

*Frees Inc. v. McMillian*,
   2007 WL 2264457 (W.D. La. Aug. 6, 2007) ...................................................... 7

17

*Friends of the Earth, Inc., v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ............................................................................................ 4

18

*Hanson v. Hancock Cnty. Mem'l Hosp.*,
   938 F. Supp. 1419 (N.D. Iowa 1996) ............................................................... 18

19

*Hapin v. Arrow Financial Services*,
   428 F. Supp. 2d 1057 (N.D. Cal. 2006) ............................................................ 10

20

*In re Apple & AT&T Mobility Antitrust Litig.*,
   596 F. Supp. 2d 1288 (N.D. Cal. 2008) ............................................................ 15

21

*In re Apple & AT&TM Antitrust Litig.*,
   2010 WL 3521965 (N.D. Cal. 2010) ................................................................ 13

22

23

24

25

26

AMAZON'S MOTION TO DISMISS        iii
Case No. C11-00494-RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*In re Doubleclick Privacy Litig.*,
   154 F. Supp. 2d 497 (S.D.N.Y. 2001) ............................................................ 14, 19

*In re Jetblue Airways Corp. Privacy Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005) ............................................................ 13, 19

*Keithly v. Intelius*,
   2011 WL 538480 (W.D. Wash. Feb. 8, 2011) ................................................ 10, 16

*LaCourt v. Specific Media, Inc.*,
   2011 WL 1661532 (C.D. Cal. Apr. 28, 2011) .................................................... 5, 14

*Lambert v. Hartman*,
   517 F.3d 433 (6th Cir. 2008) ................................................................................ 18

*Lasco Foods, Inc. v. Hall & Shaw Sales, Mktg. & Consulting, LLC*,
   600 F. Supp. 2d 1045 (E.D. Mo. 2009) .................................................................. 9

*Lowden v. T-Mobile USA Inc.*,
   378 Fed. Appx. 693 (9th Cir. 2010) ..................................................................... 17

*LVRC Holdings LLC v. Brekka*,
   581 F.3d 1127 (9th Cir. 2009) ............................................................................... 6

*Meier v. Midwest Recreational Clearinghouse, LLC*,
   2010 WL 2738921 (E.D. Cal. July 12, 2010) ....................................................... 11

*Minnick v. Clearwire US, LLC*,
   683 F. Supp. 2d 1179 (W.D. Wash. 2010) ...................................................... 16, 17

*Mortensen v. Bresnan Comm'n, LLC*,
   2010 WL 5140454 (D. Mont. Dec. 13, 2010) ................................................. 10, 11

*Nexans Wires S.A. v. Sark-USA, Inc.*,
   319 F. Supp. 2d 468 (S.D.N.Y. 2004) .................................................................. 8, 9

*Océ North America, Inc. v. MCS Services, Inc.*,
   2010 WL 3703277 (D. Md. Sept. 16, 2010) ........................................................... 8

*Register.com v. Verio, Inc.*,
   356 F.3d 393 (2d Cir. 2004) ................................................................................. 13

*Ruiz v. Gap, Inc.*,
   540 F. Supp. 2d 1121 (N.D. Cal. 2008) ................................................................ 18

*Smale v. Cellco P'ship*,
   547 F. Supp. 2d 1181 (W.D. Wash. 2008) ............................................................ 17

*SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*,
   88 F.3d 780 (9th Cir. 1996) .................................................................................... 3

*United States v. Drew*,
   259 F.R.D. 449 (C.D. Cal. 2009) .......................................................................... 10

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ............................................................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**STATE CASES**

*Ambach v. French*,
167 Wn.2d.167 (2009)...........................................................................................17

*Cox v. O'Brien*,
150 Wn. App. 24 (2009).......................................................................................18

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d.778 (1986).........................................................................................17

*Leingang v. Pierce County Med. Bureau, Inc.*,
131 Wn.2d.133 (1997).........................................................................................17

*Robinson v. Avis Rent A Car Sys., Inc.*,
106 Wn. App. 104 (2001).....................................................................................17

**FEDERAL STATUTUES**

18 U.S.C. § 1030(a)(2)(c).......................................................................................5

18 U.S.C. § 1030(a)(5)...........................................................................................5

18 U.S.C. § 1030(c)(4)(A)(i)(I)..............................................................................6

18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V).......................................................................6

18 U.S.C. § 1030(e)(11)..........................................................................................7

18 U.S.C. § 1030(e)(8)............................................................................................7

18 U.S.C. § 1030(g)................................................................................................6

**STATE STATUTES**

RCW 19.86.010(2)................................................................................................16

**RULES**

Fed. R. Civ. Proc. § 12(b)(1)............................................................................1, 5

Fed. R. Civ. Proc. § 12(b)(6).................................................................................1

Fed. R. Civ. Proc. § 12(c)....................................................................................17

**OTHER**

Rest. 2d of Torts § 217.........................................................................................13

Rest. 2d of Torts § 221.........................................................................................14

Rest. 3d of Restitution and Unjust Enrichment § 2 cmt. e (2000)........................20

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiffs assert wholly novel theories of liability and harm, recognized by no court or law, on behalf of a difficult-to-ascertain putative class comprising every person to have visited <amazon.com> using particular settings on certain versions of Internet Explorer.  They claim that certain of Amazon's methods of identifying customers for the purpose of serving personalized advertisements and pages were misleading.  Plaintiffs contend that this injured them by taking unspecified "personal, private information."

Stripped of its unsupported conclusions and formulaic recitations, the Complaint fails to make out a plausible injury-in-fact to plaintiffs, requiring dismissal of the Complaint under Rule 12(b)(1) and under Article III of the United States Constitution.  The Complaint also fails to state a claim and should be dismissed under Rule 12(b)(6).  Moreover, amendment of the Complaint would be futile.  Even assuming that plaintiffs could supplement with more robust factual allegations plausibly supporting their bare factual conclusions, their theory does not map onto any of the causes of action they have pleaded.

## II.   SUMMARY OF ALLEGATIONS

### A.   The Parties

Amazon.com, Inc. ("Amazon") is a Delaware corporation with principal place of business in Seattle.  First Am. Compl. ("FAC") ¶ 5.  Plaintiffs base venue in this Court in part on Amazon's Conditions of Use for <amazon.com>.  *Id.* ¶¶ 6, 8.

Plaintiffs Tyler Zanders, Kaye Horinek, and Robert Nichols are California and Texas residents who allegedly visited <amazon.com>.  *Id.* ¶¶ 2-4, 25.  They seek to represent a class that comprises:

> Each and every United States resident who has visited Defendant's website during the period in which Defendant has been engaging in the conduct complained of.

*Id.* ¶ 45.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**B.      Amazon's Alleged Wrongs**

Plaintiffs generally allege that Amazon committed two wrongs: (1) transmitting to visitors' computers misleading Platform for Privacy Preferences ("P3P") Compact Policy code and placing a cookie  on users' computers, *id.*. ¶¶ 11-25; and (2) transmitting to users' computers Adobe Flash LSOs, or "Flash cookies." *Id.*. ¶¶ 27-39.

### 1.      Amazon's Alleged Misuse of P3P

Plaintiffs allege that valid P3P Compact Policies are comprised of a "machine readable version" of a website privacy policy that consists of a series of "tokens" transmitted to the computers of website visitors.  *Id.* ¶¶ 15-17.  Amazon is alleged to have used a P3P Compact Policy that "had absolutely no meaning under the P3P protocols," and was "gibberish."  *Id.* ¶ 21.  According to plaintiffs, certain versions of Microsoft's Internet Explorer ("IE") had a "vulnerability" in the way they evaluate P3P code.  *Id.* ¶ 20.  As a result, plaintiffs allege, IE permitted Amazon to store persistent cookies on their computers that it would otherwise have blocked.  *Id.* ¶¶ 24-25.

Notably, the Complaint lacks specific information about the computer usage of the three named plaintiffs.  Paragraph 11 of the Complaint makes the vague assertion that "IE 6, 7, and 8" was "the web browser used by Plaintiffs and Class Members," *id.* ¶ 11, despite the fact that "IE 6, 7, and 8" constitute three web browsers.  Plaintiffs do not allege which specific version of IE they used or when.  Although plaintiffs claim that they "relied on IE to implement their user settings" related to cookies, *id.* ¶ 25, they do not disclose those settings.

### 2.      Amazon's Alleged Misuse of Adobe Flash LSOs

Plaintiffs also allege that Amazon uses certain technology associated with the Adobe Flash Player to store on site visitors' computers Locally Stored Objects or "LSOs," sometimes referred to as "Flash cookies," on site visitors' computers.  *Id.* ¶¶ 27-39.  LSOs are used by consumers' Adobe Flash Player software to "allow the internet user to view his video content."  *Id.* ¶ 30.  LSOs can also be used as a substitute for a traditional cookie, *id.* ¶¶ 30-31,

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and plaintiffs allege that Amazon used this technology to track plaintiffs' "identity and purchasing habits." *Id.* ¶ 36.  Plaintiffs also allege that LSOs can be used to "replace and rewrite" traditional cookies if a user deletes those cookies, *id.* ¶ 34, but plaintiffs do not allege that they ever attempted to delete their cookies or had them replaced and rewritten by any LSO, much less any Amazon LSO.

## C.   Alleged Harm to Users

Plaintiffs claim that, through its actions, Amazon took "personal, private information" from files on plaintiffs' computers and tracked their Internet use. *Id.* ¶¶ 39-40.  But plaintiffs do not identify the information that Amazon allegedly took, or which files Amazon "surreptitiously accessed" that contained the information.  Regardless, they conclude that Amazon's "procurement" of that information "reduced the economic value of such information," thereby causing plaintiffs unspecified "economic harm." *Id.*

## III.   ARGUMENT

## A.   Plaintiffs' Unsupported Conclusions and Formulaic Recitations Should Be Disregarded.

Under Rule 12(b)(6), a court must dismiss a complaint for "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  This means that the plaintiff has the burden of pleading enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50.  "Labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a plausible claim for relief under Rule 8. *Id.* at 1949.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Many of plaintiffs' conclusions are wholly unsupported by factual allegations.  For example, plaintiffs sensationally claim that Amazon "hijacked" their computers, FAC ¶ 40, that plaintiffs lost the "use" of their computers, *id.* ¶ 26, but do not back up those claims with factual allegations.  Plaintiffs make nonspecific claims, couched as factual allegations, that are transparently designed to map plaintiffs to the outer bounds of their broadly defined class, alleging that "IE 6, 7, and 8" was "the browser" used by plaintiffs.  *Id.* ¶ 11.  The Complaint does not say which specific versions of IE each plaintiff used, which specific privacy settings each plaintiff selected, or when.  Plaintiffs also claim throughout their complaint that Amazon has taken "personal, private information" from them, *e.g., id.* ¶¶ 10, 39-40, 60, yet nowhere specify what this information is.

As explained in more detail below, other conclusions by plaintiffs are not reasonably tethered to the factual allegations they do make.  Plaintiffs' factually unsupported conclusions, formulaic recitations, and nonspecific allegations should be disregarded.  *Iqbal*, 129 S. Ct. at 1949.  They do not cross the line from "possible" to "plausible" as required by *Iqbal* and *Twombly*.  *See Iqbal*, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted).

**B.    The Complaint Should Be Dismissed for Failure to Allege Injury-in-Fact.**

The Complaint's factual vacuum renders it deficient under the injury-in-fact requirement for standing under Article III of the United States Constitution.  *See Friends of the Earth, Inc., v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  Among other things, an injury-in-fact must be "concrete and particularized," "actual or imminent, not conjectural or hypothetical," and "fairly traceable to the challenged action of the defendant".  *Id.*  Plaintiffs' allegations fail on all counts.

None of the plaintiffs make out any concrete and particular injury that he or she has suffered.  Plaintiffs claim that Amazon took their "personal, private information," FAC ¶ 40,

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

but do not specify how this led to an injury to them.  And although plaintiffs theorize that they suffered unspecified "economic harm" from Amazon's alleged practices, *id.* ¶ 41, they do not specify that harm or allege how they have otherwise been harmed by those practices.  No plaintiff offers any actual facts, beyond unsupported conjecture, about how he or she has been harmed personally by Amazon's alleged practices.  As explained by the United States District Court for the Central District of California in dismissing for lack of Article III standing a similar complaint challenging the use of LSOs:

> While the Court would recognize the viability in the abstract of such concepts as "opportunity costs," "value-for-value exchanges," "consumer choice," and other concepts . . . , what Plaintiffs really need to do is give some particularized example of their application in this case.

*LaCourt v. Specific Media, Inc.*, 2011 WL 1661532, at *4 (C.D. Cal. Apr. 28, 2011).  Because plaintiffs have failed to state with any specificity how they have been injured, their Complaint should be dismissed for failure to allege an injury-in-fact under Rule 12(b)(1) and under Article III of the United States Constitution.

**C.   Plaintiffs' Complaint Should Be Dismissed with Prejudice for Failure to State a Claim.**

Plaintiffs fail to allege facts sufficient to plausibly support <u>any</u> of their individual causes of action.  As addressed below, even if they were supported by adequate factual allegations, Plaintiffs' hypothetical theories do not map onto the elements required by their legal claims.  It would be futile to amend, and for this reason, the Court should dismiss plaintiffs' Complaint with prejudice.

**1.   Plaintiffs Do Not Plausibly Allege a CFAA Claim.**

Plaintiffs allege that Amazon's alleged activities violate Sections 1030(a)(2)(c) and 1030(a)(5) of the federal Computer Fraud and Abuse Act ("CFAA").  Those provisions make it a crime to "intentionally access[] a computer without authorization" and either "obtain[] information" or cause "damage and loss."  18 U.S.C. § 1030(a)(2)(c), (a)(5).  Plaintiffs contend that Amazon's transmission of P3P code and placement of cookies constitute

AMAZON'S MOTION TO DISMISS
Case No. C11-00494-RSL

5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   unauthorized access by which Amazon obtained information and caused damage.  FAC ¶¶ 52-

2   53.

3       The CFAA is "primarily a criminal statute," enacted to target hackers and high

4   technology criminals.  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132, 1134 (9th Cir.

5   2009).  The CFAA permits a private cause of action in the limited circumstances spelled out

6   in 18 U.S.C. § 1030(g).  *Id.*  However, because the CFAA is a criminal statute, its

7   interpretation even in civil cases must follow the rule of lenity, lest the law be construed "in

8   surprising and novel ways that impose unexpected burdens on [criminal] defendants."  *Id.* at

9   1134.  The rule of lenity requires the Court "to limit the reach of criminal statutes to the clear

10  import of their text and construe any ambiguity against the government," or in this case, the

11  plaintiffs.  *Id.* at 1135.

12      Plaintiffs' novel theories stretch the CFAA beyond what its language can bear, even

13  without the application of the rule of lenity.  Plaintiffs' allegations do not plausibly support a

14  finding that they suffered the requisite $5,000 in loss, nor can they plausibly support a finding

15  that Amazon lacked authorization to place cookies on plaintiffs' computers.

16              **a.    Plaintiffs Do Not Allege $5,000 in "Loss."**

17      To maintain a civil CFAA claim, a complaint must set forth allegations that could

18  plausibly support a finding as to one of five factors enumerated by 18 U.S.C.

19  § 1030(c)(4)(A)(i)(I)-(V).  *See* 18 U.S.C. § 1030(g).  These factors are "loss to 1 or more

20  persons during any 1-year period . . . aggregating at least $5,000 in value," modification of

21  medical information, physical injury, threat to public safety, or damage to a United States

22  Government computer.  The only one of these factors that appears at all related to plaintiff's

23  theory of the case is the first, "loss" aggregating at least $5,000 in value.  *See* 18 U.S.C.

24  § 1030(c)(4)(A)(i)(I).  The Complaint, however, contains no allegations that could support

25  this factor.

26      "Loss" is specially defined under the CFAA as

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

18 U.S.C. § 1030(e)(11).  Under this definition, two types of losses can count towards the CFAA $5,000 loss threshold: (1) costs to investigate or remedy an unauthorized intrusion; and (2) costs incurred due to "interruption of service."  *See, e.g., Frees Inc. v. McMillian*, 2007 WL 2264457, at *3 (W.D. La. Aug. 6, 2007) ("Courts have consistently interpreted 'loss' . . . to mean a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted."); *see also Doyle v. Taylor,* 2010 WL 2163521, at *2 (E.D. Wash. May 24, 2010) ("[P]laintiffs must identify impairment of or damage to the computer system that was accessed without authorization.").

As an initial matter, plaintiffs fail to plead even the necessary element of "loss."  They allege in Paragraph 53 that Amazon caused "damage, aggregating at least $5,000 in value, including but not limited to, the improper procurement of and loss of value of personal, private information."   But this conclusory allegation mentions only "damage," which is separately defined under the CFAA, 18 U.S.C. § 1030(e)(8), and which does not equate to "loss."  *See, e.g., DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1150 (N.D. Cal. 2010) (dismissing CFAA claim that alleged "*damages and loss* ... over $5000" because it was impossible to determine from that allegation whether loss, "standing alone and excluding damages," exceeded the statutory threshold).  Plaintiffs' CFAA claim must be dismissed on this basis alone.

Even had they properly pleaded the elements of their CFAA claim, plaintiffs do not offer any factual allegations plausibly suggesting that they suffered monetary harm falling within either of the cognizable categories of "loss," as explained below.  Plaintiffs' CFAA claim should be dismissed for this reason as well.  *See, e.g., Océ North America, Inc. v. MCS Services, Inc.*, 2010 WL 3703277, at *5 (D. Md. Sept. 16, 2010) ( "Plaintiff's allegation that

AMAZON'S MOTION TO DISMISS
Case No. C11-00494-RSL

7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

'it has suffered impairment to the integrity or availability of its data, programs, systems, and information resulting in losses or damages in excess of $5000 during a one year period' is merely a conclusory statement and thus does not sufficiently plead the $5000 minimum damages requirement to bring a suit under the CFAA.").

### i.   Plaintiffs allege no investigative or remedial costs.

Plaintiffs do not allege that they incurred any actual, non-theoretical costs to investigate or remedy Amazon's purported access to their computers.  *See, e.g., AtPac, Inc. v. Aptitude Solutions, Inc.*, 730 F. Supp. 2d 1174, 1177 (E.D. Cal. 2010) (dismissing CFAA claim that "does not allege any facts that indicate that [plaintiff] incurred costs to update its server security protocols or otherwise analyze the circumstances of the unauthorized server access"); *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, 2010 WL 4339368, at *8 (D. Nev. Oct. 15, 2010) (dismissing CFAA claim that did not "allege any costs incurred by responding to the hacking itself, conducting a damage assessment, restoring data, or other consequential damages incurred because of an interruption in service").

Although plaintiffs generally allege that Amazon placed a cookie on their computers, they do not allege that they incurred quantifiable costs to investigate or remove those cookies or Amazon's purported unauthorized access.  Indeed, any effort to remove cookies is *de minimis* and not susceptible to the quantification necessary to meet the $5,000 threshold.

### ii.   Plaintiffs allege no losses caused by interruption of service.

Nor do plaintiffs allege any loss caused by an "interruption in service."  An "interruption in service" means that plaintiffs' computer is "down" or "inoperable"; resultant costs include those incurred "because the computer cannot function while or until repairs are made," *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 474, 477 (S.D.N.Y. 2004), *aff'd* 166 F.App'x 559 (2d Cir. 2006), or because defendants' conduct prevented plaintiffs from using the computer.  *See, e.g., Lasco Foods, Inc. v. Hall & Shaw Sales, Mktg. & Consulting, LLC*, 600 F. Supp. 2d 1045, 1052-53 (E.D. Mo. 2009) (interruption in service

AMAZON'S MOTION TO DISMISS
Case No. C11-00494-RSL

8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

where defendants "retained" plaintiffs' computers for matter of weeks, physically preventing access).

Plaintiffs do not allege that Amazon's actions caused their computers to go "down" or rendered their computers "inoperable," *see Nexans Wires*, 319 F. Supp. 2d at 477, or affected them in any way that plausibly rises to an "interruption of service."  Rather, they sensationally claim that Amazon "hijacked" their computers.  FAC ¶ 40 (emphases added).  Hyperbole aside, defendants do not allege that Amazon's actions disabled their computers or prevented plaintiffs from using them.  And even if plaintiffs alleged an incremental diminishment in the processing and speed capabilities of their own computers and browsers, which they do not, that still would not constitute an "interruption in service," particularly in light of the narrow interpretation of the term that the rule of lenity requires.  Simply put, plaintiffs do not plausibly plead any facts that suggest they will be able to show that they suffered an "interruption in service."

### b. Documents Central to the Complaint Establish that Users Authorized Amazon to Place Cookies on Their Computers.

Plaintiffs' CFAA claim also fails because plaintiffs can not demonstrate that Amazon's placement of cookies on users' computers was done "without authorization, or exceed[ing] authorized access."  Central to plaintiffs' allegations and their assertions that Amazon did not adequately disclose its practices are the Amazon Conditions of Use and the Privacy Notice that the Conditions of Use incorporate.[1]  The terms of the Privacy Notice

---

[1] The Ninth Circuit recognizes that when evaluating a motion to dismiss, the district court can consider documents on which the "complaint necessarily relies." *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010) (considering contents of prospectus and information posted on particular websites where plaintiffs "quoted this prospectus in their Complaint and provided the web address where the prospectus could be found online. Plaintiffs thereby incorporated the prospectus into the Complaint by reference").  The court may "treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  *Id.*; *see also Fadaie v. Alaska Airlines*, Inc., 293 F. Supp. 2d 1210, 1214 (W.D. Wash. 2003) (Lasnik, J.).  Plaintiffs reference and rely upon Amazon's Conditions of Use, FAC ¶ 6, which specifically incorporate Amazon's Privacy Notice.  *See* Royalty Decl. Ex. A at 1 (Conditions of Use), Ex. B (Privacy Notice).  These documents are central to the FAC, a primary theme of which is

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    unequivocally explain to users how Amazon uses cookies, what they are, and why they are
2    necessary for the proper functioning of the <amazon.com> website.  *See* Decl. of Daniel H.
3    Royalty in Support of Motion to Dismiss Ex. A (Conditions of Use), B (Privacy Notice).  In
4    addition, they clearly indicate that users using the site consent to Amazon's placement of
5    cookies on their computers.

6         Amazon's Conditions of Use and Privacy Notice govern users' visits to
7    <amazon.com>.  Plaintiffs do not appear to contest this point, basing their venue allegations
8    upon the Conditions of Use.  FAC ¶ 6.  Indeed, most courts to consider the issue hold that, for
9    purposes of the CFAA, authorization to use a website is controlled by a website's terms of
10   use.  *See, e.g., EF Cultural Travel BV v. Zefer Corp.*, 318 F.3d 58, 62 (1st Cir. 2003) ("A lack
11   of authorization could be established by an explicit statement on the website restricting
12   access."); *see generally United States v. Drew*, 259 F.R.D. 449, 461 (C.D. Cal. 2009) ("[T]he
13   vast majority of the courts (that have considered the issue) have held that a website's terms of
14   service/use can define what is (and/or is not) authorized access vis-a-vis that website.").

15        More particularly, the United States District Court for the District of Montana recently
16   considered, on a motion to dismiss, the application of online privacy notices to a consumer
17   privacy class action in *Mortensen v. Bresnan Communication, LLC*, 2010 WL 5140454 (D.
18   Mont. Dec. 13, 2010).  Plaintiffs claimed that, by diverting and examining their Internet
19   traffic for purposes of targeting advertisements, their ISPs intercepted electronic
20   communications in violation of the federal Wiretap Act.  *Id.* at *2.  However, the court

21   ─────────────────────────────────────────────
22   that Amazon failed to adequately warn or disclose its cookie practices to plaintiffs.  *E.g.,* FAC
     ¶¶ 38-39, 47(c).  As plaintiffs' allegations centrally relate to the Conditions of Use and
     Privacy Notice, this Court should consider both of those documents.  *See, e.g., Hapin v.*
23   *Arrow Financial Services*, 428 F. Supp. 2d 1057, 1060 (N.D. Cal. 2006) (holding that "district
     court may consider the full texts of documents that the complaint only quotes in part"); *see*
24   *also Keithly v. Intelius*, 2011 WL 538480, at *2 (W.D. Wash. Feb. 8, 2011) (Lasnik, J.)
     (considering, for purposes of motion to dismiss, website terms of use referred to in
25   complaint); *Mortensen v. Bresnan Comm'n, LLC*, 2010 WL 5140454 (D. Mont. Dec. 13,
     2010) (considering, for purposes of motion to dismiss consumer class action, online privacy
26   notice).

AMAZON'S MOTION TO DISMISS                          10
Case No. C11-00494-RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

examined the defendants' online subscriber agreement and privacy notice and held that they

disclosed that defendants would undertake the very activity about which the plaintiffs

complained.  *Id.* at *3 to *5.  The court thus dismissed plaintiffs' Wiretap Act claim because

plaintiffs had consented.  *Id.* at *5; *cf. Meier v. Midwest Recreational Clearinghouse, LLC*,

2010 WL 2738921, at *3 (E.D. Cal. July 12, 2010) (holding that website visitor was bound to

forum selection clause contained in terms of use; citing *Carnival Cruise Lines v. Shute*, 499

U.S. 585 (1991)).

        As is clear from the documents relied upon in the Complaint itself, Amazon's policies

clearly explain that it will place both browser cookies and Flash cookies on users' computers,

that these cookies will be used to track users' activity on Amazon, and that Amazon will use

the information it collects to enable certain features, to target advertisements, and to

personalize <amazon.com>, among other things.

        In the first section of the Privacy Notice, prominently titled "What Personal

Information About Customers Does Amazon.com Gather?," the Privacy Notice explains:

> Automatic Information: We receive and store certain types of information whenever you interact with us. For example, like many Web sites, **we use "cookies,"** and we obtain certain types of information when your Web browser accesses Amazon.com or advertisements and other content served by or on behalf of Amazon.com on other Web sites. Click here to see examples of the information we receive.

Royalty Decl. Ex. B at 1 (emphasis added).  In the next section, prominently titled "What

About Cookies," Amazon explains:

> **Cookies are alphanumeric identifiers that we transfer to your computer's hard drive through your Web browser to enable our systems to recognize your browser and to provide features** such as 1-Click purchasing, Recommended for You, personalized advertisements on other Web sites (e.g., Amazon Associates with content served by Amazon.com and Web sites using Checkout by Amazon payment service), and storage of items in your Shopping Cart between visits.

*Id.*, Ex. B at 1-2 (emphasis added).

        Amazon also provides an extensive listing of the information it collects and how it

uses that information in the Privacy Notice section titled "Examples of Information

AMAZON'S MOTION TO DISMISS
Case No. C11-00494-RSL

11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Collected," which is also hyperlinked from various places within the Privacy Notice.  One part of this section, titled "Automatic Information," explains:

> Examples of the information we collect and analyze include the Internet protocol (IP) address used to connect your computer to the Internet; login; e-mail address; password; computer and connection information such as browser type, version, and time zone setting, browser plug-in types and versions, operating system, and platform; **purchase history**, which we sometimes aggregate with similar information from other customers to create features such as Purchase Circles and Top Sellers; **the full Uniform Resource Locator (URL) clickstream to, through, and from our Web site, including date and time; cookie number; products you viewed or searched for;** and the phone number you used to call our 800 number. We may also use browser data such as **cookies, Flash cookies (also known as Flash Local Shared Objects), or similar data on certain parts of our Web site for fraud prevention and other purposes.** During some visits we may use software tools such as JavaScript to measure and collect session information, including page response times, download errors, length of visits to certain pages, page interaction information (such as scrolling, clicks, and mouse-overs), and methods used to browse away from the page.

*Id.*, Ex. B at 4-5 (emphases added).

Accordingly, plaintiffs cannot maintain their claim that Amazon's placement of cookies on users' computers was done "without authorization, or exceed[ing] authorized access," and the Court need not credit any conclusory statements plaintiffs attempt to make in contradiction of the documents which plaintiffs themselves make central to the Complaint. *See Colony Cove Properties, LLC v. City of Carson*, ___ F.3d ___, 2011 WL 1108226, *5 (9th Cir. Mar. 28, 2011) (citing *Iqbal*, 129 S. Ct. at 1950); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (holding that "we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"). By visiting and using <amazon.com>, plaintiffs, and users, unequivocally consented to Amazon's placement of cookies on their computers through the Conditions of Use and Privacy Notice.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**2.**      **Plaintiffs Do Not Allege a Plausible Claim for Trespass to Chattels.**

**a.**      **Plaintiffs Allege No Harm Related to Chattels.**

In states that have embraced trespass to chattels (or trespass to personal property),[2] the tort requires that plaintiffs show harm to the chattel in one of two ways: (1) harm to the condition, quality, or value of the chattel itself, or (2) deprivation of use of the chattel for a substantial period of time. *See, e.g., Register.com v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) ("A trespass to a chattel may be committed by intentionally ... using or intermeddling with a chattel in the possession of another, where the chattel is impaired as to its condition, quality, or value.") (citations omitted); *In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 329 (E.D.N.Y. 2005) ("Under New York law, liability only obtains on this cause of action if a defendant causes harm to "the [owner's] materially valuable interest in the physical condition, quality, or value of the chattel, or if the [owner] is deprived of the use of the chattel for a substantial time."; harm to "privacy interests" not sufficient to support claim).

Plaintiffs do not allege that Amazon's actions prevented them from using their computers for *any* amount of time, much less the "substantial" deprivation required to support a trespass to chattels claim. *See, e.g., In re Apple & AT&TM Antitrust Litig.*, 2010 WL 3521965, *6 (N.D. Cal. 2010) (holding that "loss of use of a personal phone for a few days" did not meet injury requirement for trespass to chattels under California law). Neither plaintiffs' parroting of this element of the tort, FAC ¶ 65, nor their sensational claim that Amazon "hijacked" their computers, *id.* ¶ 40, is supported by any factual allegation. A person

---

[2]      Amazon does not concede that Washington law actually recognizes the right to bring a claim for trespass to chattels. No published Washington case explicitly approves the tort of trespass to chattels, although it appears that several Washington Superior Courts have permitted the claim to proceed. One unpublished case relied upon the Restatement (Second) of Torts § 217 to define the action as "intentional interference with a party's personal property without justification that deprives the owner of possession or use." *Sexton v. Brown*, 2008 WL 4616705, *5 (Wn. App. 2008). The Washington Supreme Court has explored the scope of a claim of negligent damage to property, finding that the appropriate measurement of damages is based on the diminishment value of the property and may include compensation for loss of property while repairs are made. *McCurdy v. Union Pac. R. Co.*, 68 Wn.2d.457, 467-70 (1966).

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

is dispossessed of a chattel when she is physically prevented from accessing it or it is destroyed, or if another person "assumes complete control and dominion over the chattel." *See generally* REST. 2D OF TORTS § 221 & cmt. c (1965).  That is simply not the case here.

Nor do plaintiffs recite, much less plausibly allege, that Amazon's actions diminished the condition, quality, or value of their computers.  Indeed, it is implausible to assume that Amazon's transmission of a P3P policy and placement of cookies on a user's computer degraded or devalued that computer in any manner that is not *de minimis.  See Intel Corp. v. Hamidi,* 71 P.3d 296, 301 (Cal. 2003) (dismissing trespass to chattels claim where plaintiff failed to demonstrate "impairment of system functionality" from hundreds of thousands of emails sent to plaintiff's computers).

In the recent *Specific Media* case, the United States District Court for the Central District of California dismissed all claims for failure to allege Article III injury-in-fact. *Specific Media*, 2011 WL 1661532, at *3 to *6.  Regarding plaintiffs' trespass to chattels claim in that case, the court reasoned that:

> Plaintiffs have not alleged that the functioning of their computers was impaired (except in the trivial sene [sic] of being unable to permanently delete cookies) or would be imminently impaired to the degree that would enable them to plead the elements of the tort.

*Id.* at *7.  The United States District Court for the Southern District of New York reached a similar conclusion in a class action alleging harm from unauthorized installation of cookies, holding that plaintiffs alleged no "damage whatsoever to plaintiffs' computers, systems, or data that could require economic remedy."  *In re Doubleclick Privacy Litig.*, 154 F. Supp. 2d 497, 525 (S.D.N.Y. 2001) (dismissing CFAA claim).  As Judge Coughenour ruled in 2001, "the transmission of an internet cookie is virtually without economic harm."  *Chance v. Avenue A, Inc.*, 165 F. Supp. 2d 1153, 1159 (W.D. Wash. 2001) (granting defendant's summary judgment motion on CFAA claim).

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The same reasoning holds true here.  Plaintiffs' conclusory and sensational assertions, devoid of any factual allegation of harm to or loss of use of their computers, are incapable of supporting their claim for trespass to chattels.  *See Elektra Entm't Group, Inc. v. Santangelo*, 2008 WL 4452391, *7 (S.D.N.Y. Oct. 1, 2008) (dismissing trespass to chattels claim where there were no allegations of "harm to the condition, quality, or value of the computer" or that plaintiffs "were deprived of the use of the computer for a substantial period of time").  Plaintiffs have simply not alleged any plausible harm to their computers caused by Amazon's alleged transmission of P3P policy to their computers or installation of browser cookies or Flash cookies on their computers.

### b.   Plaintiffs Do Not Allege Lack of Consent.

Plaintiffs also fail to allege plausible grounds to find that users did not consent to Amazon's activities.  Lack of consent is an element of trespass to chattels.  *See, e.g., In re Apple & AT&T Mobility Antitrust Litig.*, 596 F. Supp. 2d 1288, 1307 (N.D. Cal. 2008).  As discussed above, Amazon's Conditions of Use and Privacy Notice unambiguously explain what cookies would be placed upon users' computers.  Plaintiffs' unequivocal consent to Amazon's placement of these cookies vitiates plaintiffs' trespass to chattels claim.  *See id.* at 1307 ("Whether Plaintiffs' trespass claim can be permitted to proceed, however, depends on whether Plaintiffs consented to the alleged trespass when they downloaded" software that was accompanied by a notice.").

### 3.   Plaintiffs' CPA Claim Should Be Dismissed.

Plaintiffs' CPA claims should be dismissed for three reasons.  First, plaintiffs are not Washington residents and do not have standing to bring a Washington CPA claim.  Second, each of the allegedly unfair and deceptive acts was either authorized by plaintiffs or is too speculative to permit relief.  Third, plaintiffs' alleged injuries are not injuries to "business or property," as required to maintain an action under the CPA.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### a.      Plaintiffs Do Not Have Standing to Assert a Washington CPA Claim.

The CPA only reaches unfair or deceptive acts or practices in connection with "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). Plaintiffs have not alleged that they are residents of Washington, and cannot bootstrap their CPA claims to the claims that any residents of Washington may have. *See Lierboe*, 350 F.3d at 1022; *La Mar,* 489 F.2d at 462. Accordingly, Plaintiffs "lack[] standing to assert a CPA claim" and the claim should be dismissed. *Keithly v. Intelius Inc.*, ___ F. Supp. 2d ___, 2011 WL 538480, at *9 (W.D. Wash. Feb. 2, 2011) (Lasnik, J.) (holding that non-resident plaintiffs do not have standing to assert CPA claims).

### b.      Plaintiffs Do Not Plausibly Allege an Unfair or Deceptive Act or Practice.

An act is unfair or deceptive if it had the capacity to deceive a substantial portion of the public, a determination that can be made as a matter of law on a motion to dismiss. *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010). Plaintiffs allege two things that they claim are unfair or deceptive: (1) Amazon's P3P compact policy; (2) Amazon's use of Flash cookies "without adequate notice or consent." FAC ¶ 58.

These claims are foreclosed by Amazon's unequivocal disclosure of its cookie practices to plaintiffs in the Conditions of Use and Privacy Notice. A similar situation arose in *Minnick*, where plaintiffs asserted that defendant's advertisements had the tendency and capacity to deceive. 683 F. Supp. 2d. at 1188. The court rejected the plaintiffs' argument as conclusory, finding that they had failed to allege that they had viewed any statements of the defendant, let alone relied on the content of any particular statement of the defendant. *Id.* The court further found that the plaintiff's allegations were unsupported, as the documents that the plaintiffs referenced in the complaint disclosed that which the plaintiffs asserted was

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   not disclosed. *Id.* The court accordingly held that the plaintiffs had only pled conclusions of

2   law, which were insufficient to support a claim. *Id.*

3   As Amazon's practices with respect to Flash cookies and commercial uses of personal

4   information were disclosed, as a matter of law, Amazon's alleged conduct—even if true—

5   does not have the capacity to deceive a substantial portion of the public. *See Lowden v. T-*

6   *Mobile USA Inc.*, 378 Fed. Appx. 693, 695 (9th Cir. 2010) (affirming Rule 12(c) motion

7   where customer bill described regulatory fee—in a potentially misleading manner—as a

8   "tax," as the terms and conditions that customers were bound by made clear that customers

9   would be required to pay all taxes and regulatory fees); *Smale v. Cellco P'ship*, 547 F. Supp.

10  2d 1181, 1188-89 (W.D. Wash. 2008) (granting motion to dismiss, as imposition of charges

11  was neither deceptive nor unfair, as a matter of law, where the charges were described in

12  defendant's disclosures); *see also Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104,

13  118-19 (2001) (affirming summary judgment for defendants on CPA claim as there was no

14  causation where terms were fully disclosed, and thus, there was no misrepresentation of fact).

### c.   Plaintiffs Do Not Plausibly Allege a Cognizable Injury to Business or Property.

16  Plaintiffs apparently allege that "improper procurement of their personal, private

17  information" is the injury caused by Amazon's alleged violation of the Washington CPA.

18  FAC ¶ 60. This is not an injury to business or property, as required by Washington law to

19  maintain a CPA claim. *See, e.g., Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*

20  *Co.*, 105 Wn.2d.778, 780 (1986).

21  Washington does not recognize that plaintiffs' alleged injury is an injury to business or

22  property. Injuries to personal rights are not redressable under the CPA, as they are not

23  injuries to business or property. *Leingang v. Pierce County Med. Bureau, Inc.*, 131

24  Wn.2d.133, 158 (1997) ("[P]ersonal injuries, including mental pain and suffering, are not

25  compensable under the Consumer Protection Act."); *Ambach v. French*, 167 Wn.2d.167, 173-

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

74 (2009) (financial losses from personal injury do not constitute an injury to business or property).

Other courts that have had the opportunity to consider the type of theory that plaintiffs advance here have rejected efforts to classify them as injuries to business or property. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 445-46 (6th Cir. 2008) (disclosure of personally identifying information did not implicate a property right); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127 (N.D. Cal. 2008) (granting motion for judgment on the pleadings for state unfair acts and deceptive practices statute, as loss of personally identifying information did not constitute an injury to property); *Hanson v. Hancock Cnty. Mem'l Hosp.*, 938 F. Supp. 1419, 1438-39 (N.D. Iowa 1996) (granting summary judgment on conversion claim as there was no legal basis for finding a property interest in personal information).   Accordingly, plaintiffs' claimed loss of control of, or theoretical value in, their personal information or privacy is not an injury to business or property, and as such, is not reachable under the CPA.

### 4.        Plaintiffs Do Allege a Plausible Claim for Unjust Enrichment.

The elements of an unjust enrichment claim under Washington common law are that "(1) one party must have conferred a benefit to the other; (2) the party receiving the benefit must have knowledge of that benefit; and (3) the party receiving the benefit must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value." *Cox v. O'Brien*, 150 Wn.App. 24, 37 (2009).  Plaintiffs have not plausibly alleged either that they have conferred a cognizable benefit on Amazon or that it would be inequitable for Amazon to retain any alleged benefit.

According to plaintiffs, the benefit conferred upon Amazon is plaintiffs' "personal and private data."   FAC ¶ 70.   Assuming for purposes of argument that these data have ascertainable value, they do not constitute a benefit that plaintiffs have conferred upon Amazon.  In a similar cookie-based privacy lawsuit, when considering the "value" of personal information collected by cookies, the United States District Court for the Southern District of

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

New York observed that it was "unaware of any court that has held the value of this collected information constitutes damage to consumers or unjust enrichment to collectors." *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d at 525.  The court found that it would be a "dubious assumption" to consider "the value of: (1) the opportunity to present plaintiffs with advertising; and (2) the demographic information [the defendant] has collected." *Id.*  The court reasoned that the "value" of the plaintiffs' time and attention to advertisements should not be treated any differently than other websites or mediums in which advertisements are presented, and it found further that "although demographic information [collected by cookies] is valued highly . . . the value of its collection has never been considered a economic loss to the subject." *Id.*

Similarly, in dismissing a claim for breach of a privacy policy, the United States District Court for the Eastern District of New York held that personal information collected from individual users and admittedly provided to a third party in violation of a privacy policy did not have "any compensable value in the economy at large:"

> Plaintiffs may well have expected that in return for providing their personal information to JetBlue and paying the purchase price, they would obtain a ticket for air travel and the promise that their personal information would be safeguarded consistent with the terms of the privacy policy. They had no reason to expect that they would be compensated for the "value" of their personal information. In addition, there is absolutely no support for the proposition that the personal information of an individual JetBlue passenger had any value for which that passenger could have expected to be compensated.

*In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005).

As these cases illustrate, plaintiffs are not injured every time their actions are observed by another person, whether on the Internet or not.  This is true even if the person investing the resources to make the observation hopes to profit from those efforts.  Plaintiffs' actions on <amazon.com> have no inherent value in and of themselves.  Rather, plaintiffs' actions on <amazon.com> have value only to Amazon, and only if and when Amazon observes those actions and uses them for commercial purposes.  "[P]eople are free to profit from the

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  achievements of others except insofar as the law of property recognizes the right of another

2  person to exclude them from doing so."  REST. 3D OF RESTITUTION AND UNJUST ENRICHMENT

3  § 2 cmt. e (2000).  It is Amazon, not plaintiffs, that creates value from plaintiffs' visits—and

4  indeed Amazon's Conditions of Use and Privacy Notice tell users in explicit terms how it

5  creates that value.  Without Amazon, whatever value is generated from their visits would not

6  exist.  Plaintiffs' theory thus boils down to a complaint that Amazon took from them a benefit

7  which they never had and which Amazon itself created, a formulation that turns unjust

8  enrichment on its head.

9  **IV.    CONCLUSION**

10  Amazon respectfully requests that the Court dismiss plaintiffs' Complaint for failure

11  to state a claim and for failure to allege injury-in-fact, and that the dismissal be done with

12  prejudice because amendment would be futile.

13  DATED this 13th day of May, 2011.

14

15  K&L GATES LLP

16

17  s/ Daniel H. Royalty
   By _____

18      David A. Bateman, WSBA # 14262
        Daniel H. Royalty, WSBA # 31504
        Samuel R. Castic, WSBA # 39301

19      Andrew C. Glass, admitted *pro hac vice*
   Attorneys for Defendant

20  Amazon.com, Inc.

21

22

23

24

25

26

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

        I hereby certify that on May 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification.

4

DATED this 13th day of May, 2011.

5

                                        s/ Daniel H. Royalty
                                        Daniel H. Royalty

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S MOTION TO DISMISS
Case No. C11-00494-RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022